HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD F. KAY and MARILYN HAM-KAY,

    Plaintiffs,

v.

THURSTON COUNTY, a municipal corporation of the State of Washington and J. Michael Morgan,

    Defendants.

Case No. 08-5041 RBL

**AMENDED** ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant J. Michael Morgan's Motion for Partial Summary Judgment (Dkt. #12), and Plaintiffs' Cross Motion for Summary Judgment (Dkt. #16.) For the reasons stated below, Defendants' Motion for Partial Summary Judgment is GRANTED and Plaintiff's Cross Motion for Summary Judgment is DENIED.

**I. BACKGROUND**

Plaintiffs, Donald Kay and Marilyn Ham-Kay, filed suit against a roofing contractor in Thurston County Superior Court, alleging damages for breach of contract. The Kays brought the action *pro se*, and because their claim for damages was less than $50,000, their case proceeded to mandatory arbitration. Attorney G. Saxon Rodgers represented Defendant Weatherguard company. On January 26, 2006, Defendant J. Michael Morgan was appointed arbitrator of the case under the Mandatory Arbitration Rules governing the selection process of arbitrators. Morgan scheduled the arbitration hearing for March 22, 2006 at Mr. Rodgers's office.[1] (Decl.

---

[1] The location of the arbitration was later changed, upon Plaintiffs' request, to another law firm.

**AMENDED** ORDER
Page - 1

of Morgan, ¶ 6.) A letter from the office of Mr. Morgan dated March 9, 2006 was sent to Plaintiffs Kay informing them of the date, time, and location of the arbitration. (Dkt. #13, Decl. of Morgan, Ex. E.)

On March 13, 2006, Mr. Morgan received a letter dated March 11 from Plaintiffs Kay in which Donald Kay requested that Mr. Morgan "convene a brief pre-arbitration meeting with all parties and [Mr. Morgan], solely for the purpose of determining if everyone is able to understand my speech." (*Id.* at Ex. F.) Mr. Kay stated in his letter that he wanted "to be assured in advance that everyone [could] understand [his] speech." *Id.* Mr. Kay also stated that while he does "not experience any problem being understood by others, Mr. Rodgers stated in his pre-hearing statement of proof that Mr. Presley did not have any significant discussions with Mr. Kay, as Mr. Kay has some kind of impairment that makes it difficult for his speech to be understood." *Id.* If, as a result of the pre-arbitration hearing, the parties learned that they could not understand Mr. Kay's speech, Kay asked for "real-time captioning" as an accommodation. *Id.* In response, Mr. Rodgers wrote a letter dated March 14th to Mr. Morgan in which he did not object to any accommodation as long as his client did not have to pay for it. (Dkt. #13, Decl. of Morgan, Ex. G.) Additionally, Mr. Rodgers stated that he had no objection to the Kays speaking with Morgan *ex parte* about the accommodation. *Id.*

Mr. Morgan determined that it would be unnecessary for the parties to have a pre-arbitration hearing on Kay's speech. Mr. Morgan wrote to both parties on March 15, 2006, in response to both of their letters, and stated that there were no resources available through the Court that would provide transcription/speech projection services free of charge. (Dkt. #13, Decl. of Morgan, Ex. H.) Morgan wrote: "[t]he fact that Mr. Kay does not have any problem making himself understood in work and other settings leaves me to conclude that we will commence the arbitration proceeding at the appointed day and time, and I will handle any communication problems during the hearing as they arise." *Id.* Mr. Morgan also offered, given Mr. Rodgers's waiver of objection to "ex parte" contact with him concerning the speech issue, to discuss the potential communication problem with the Kays by telephone. *Id.*

The Kays did not receive Mr. Morgan's letter until March 17th. On March 16, 2008, the Kays spoke with Arbitration Coordinator Tom Graham about their request for a pre-hearing meeting and gave him the March 11th letter. Plaintiffs wanted to "verify what the proper process was for [Donald Kay] to ask for a reasonable accommodation," and make sure that their letter contained a proper request. (Kay Tr. 40:5–41:17.) Donald Kay asked Tom Graham more questions about the court's policies and procedures for "reasonable

accommodation" requests. Graham, being unsure of the answers to some of Kay's questions, told Kay that he would make Marti Maxwell, the Thurston County Superior Court Administrator, aware of his request. (*Id.* at 41:10-17.) Tom Graham then spoke with Marti Maxwell, who told Graham to notify Kay that a court reporter would be provided at the court's expense, and that the court could also provide a room for the arbitration hearing if one was necessary. (Dkt. #14, Decl. of Maxwell, ¶ 3.)

The next day, Mr. Kay returned to court and told Graham that he had not heard from Maxwell. Graham told Donald Kay that he had spoken with Ms. Maxwell and that a court reporter would be made available for their arbitration hearing. (Kay Tr. 43:4-14.) Later on March 17th, the Kays received a copy of Morgan's March 15th letter denying his "reasonable accommodation" request and offering to speak with him over the phone. (*Id.* at 45:8-12.) Tom Graham, who had also received Mr. Morgan's letter, e-mailed Kay on March 17th and attached Morgan's letter. In his e-mail, Graham stated that Morgan's letter "answers your concerns regarding accommodations." (Dkt. #14, Decl. of Maxwell, Exhibit B.) Kay replied to Graham's e-mail at 3:36 p.m. and asked Graham to clarify whether he was supposed to "follow what [Graham] told [him] this morning or what Mr. Morgan said in his letter." *Id.* Morgan did not receive Graham's e-mail to Kay, nor did he receive Kay's response. Graham did not reply to Kay's response and did not schedule a court reporter to attend the arbitration hearing. Kay did not contact Morgan by phone before the arbitration hearing. The arbitration hearing was held the following week, on Wednesday March 22, 2008. According to Morgan's Declaration, the Kays did not inquire about the absence of the court reporter, or request that one be made available. (Dkt. #13, Decl. of Morgan, ¶ 8.) The Kays lost the arbitration.

Plaintiffs Donald Kay and Marilyn Ham-Kay filed suit against Defendants Thurston County and J. Michael Morgan on January 1, 2008. (Dkt. #1.) Plaintiffs allege that Defendants, in denying Kay's request for an accommodation during the arbitration, violated 42 U.S.C. § 12132 of the Americans with Disabilities Act. Plaintiffs also allege that Thurston County violated 29 U.S.C. § 794 of the Rehabilitation Act, and that Defendants violated RCW 49.50.030 and RCW 49.60.215 of the Washington Law Against Discrimination. Plaintiffs seek damages against Defendant Thurston County, and request that the Court impose declaratory judgment against both Defendants. Defendants now move for summary judgment, arguing that J. Michael Morgan is entitled to absolute immunity from Plaintiffs' claims. (Dkt. #12.) Plaintiffs oppose Defendants' motion for summary judgment, and seek summary judgment in their favor. (Dkt. #16.)

## II. AUTHORITY

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party is entitled to summary judgment if, after satisfying its initial burden, the non-moving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable finder of fact could return a decision in the nonmoving party's favor. *Triton Energy*, 68 F.3d at 1220.

## III. DISCUSSION

In support of their motion for summary judgment, Defendants argue that J. Michael Morgan is entitled to absolute immunity from Plaintiffs' claims as a matter of law. (Dkt. #12.) Defendants contend that as a quasi-judicial actor, Morgan is immune from liability for his decision to deny a pre-arbitration hearing on the speech issue because his actions were taken within his jurisdiction as arbitrator of the case. Moreover, Defendants argue that Morgan's immunity extends to the County as Defendant's employer.

Plaintiffs concede that Morgan has absolute judicial immunity from a suit for damages, and that injunctive relief is not appropriate. (Dkt. # 16.) Plaintiffs argue that while Morgan is entitled to immunity from civil suit, his immunity does not prohibit the Court from imposing declaratory relief.[2] (Dkt. #19.) Additionally, they rely on *United States v. City of Hayward*, 36 F.3d 832, 838 (9th Cir. 1994), in arguing that Morgan's "individual immunity as an arbitrator does not extend to the County." (Dkt. #16.) Thus, the issues before the Court on Defendants' Motion for Summary Judgment are (1) whether the County may be liable for the actions of Morgan when Morgan enjoys judicial immunity; and (2) whether the Court may issue a declaratory judgment against either Mr. Morgan or Thurston County.

---

[2]Plaintiffs argue that judicial immunity does not prevent the Court from grant prospective relief, but concede that, "under the circumstances before the Court, there is no basis for injunctive relief." (Dkt. # 19.)

**AMENDED** ORDER
Page - 4

**A. Whether Thurston County May be Liable for the Arbitral Actions taken by Morgan**[3]

Plaintiffs Kay cite *United States v. City of Hayward*, 36 F.3d 832, 838 (9th Cir. 1994), for the proposition that Defendant Morgan's judicial immunity does not extend to the County. Plaintiffs reliance on *Hayward* is misplaced. Unlike the arbitrator in Hayward, Morgan acted in a quasi-judicial proceeding–not as the County's agent in an administrative proceeding. *See Hayward*, 36 F.3d at 383. Plaintiffs cite no authority for the proposition that Thurston County may be liable for the arbitral acts of Morgan,[4] which were taken in the discretion granted by Washington law,[5] and from which Plaintiffs concede Morgan as arbitrator has absolute immunity. State case law supports the opposite conclusion: quasi-judicial immunity extends to the County and State. *See Plotkin v. State Dept. Of Corrections*, 64 Wn. App. 373, 826 P.2d 221 (1992); *Creelman v. Svenning*, 67 Wn.2d 882, 410 P.2d 606 (1966).

Plaintiffs also assert that under RCW 4.96.010, "Thurston County is liable for the tortious conduct of its employees or volunteers to the same extent as if it was a private corporation" and that Mr. Morgan's conduct was tortious because "an act of discrimination is an assault on the person for which compensatory damages are available." (Dkt. #19.) Plaintiffs cite no authority in support their argument that RCW 4.96.010 applies to this case when Morgan is entitled to quasi-judicial immunity, and when such immunity extends to the County. *Creelman* and *Plotkin* remain controlling authority despite Plaintiffs' contention that RCW 4.96.010 applies. *See Savage v. State*, 127 Wn.2d 434, 442, 899 P.2d 1270 (1995) (stating that while extension of quasi-judicial immunity to the State is appropriate, extension of personal qualified **immunity** is inappropriate). For these reasons, Defendant Thurston County may not be liable, as a matter of law, for the arbitral acts of Defendant Morgan made within the scope of his jurisdiction.

**B. Whether Declaratory Judgment is Appropriate**

---

[3] The Defendants' Motion is captioned "Partial Motion for Summary Judgment." It is brought by both Defendants, seeking dismissal of all of Plaintiffs' claims against Morgan. The Motion nevertheless includes the argument that Thurston County is also **not** liable to the Plaintiffs as a matter of law. (Dkt. #12 at p. 10.) The Court agrees with this analysis. Defendants have recently moved again for Summary Judgment (Dkt. #20.), seeking dismissal of all of Plaintiffs' claims against all Defendants. It is not clear that the Defendants' initial Motion (Dkt. #12.) sought such a global resolution to the case. The recently filed Motion will be considered by the Court on its noting date, but it is already clear to the Court that the Plaintiffs' claims against the Defendant Thurston County fail for the reasons described in this Order.

[4] The Mandatory Arbitration Rules provide that an arbitrator has the authority to "[d]ecide procedural issues arising before or during the arbitration hearing." MAR 3.2(1).

[5] *See* RCW 7.06.010.

**AMENDED** ORDER
Page - 5

While it is true that judicial immunity protects judicial and quasi-judicial actors from monetary damages only, under the facts of this case, declaratory judgment is not an appropriate form of relief. The Kay's remaining claim against Morgan for declaratory judgment cannot proceed because such relief would constitute an advisory opinion prohibited by the Constitution. *See* U.S. Const. art. III; *See also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004).

Article III requires that federal courts adjudicate only cases and controversies, and "necessitates that courts decline to exercise jurisdiction where the controversy is no longer live and ongoing." *Green v. Branson*, 108 F.3d 1296, 1299 (9th Cir. 1997) (citing *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345 (10th Cir. 1994)). For declaratory judgment to be an appropriate remedy, there must be a dispute which calls for an adjudication of a present right, which may not be established solely by a litigants' interest in obtaining the satisfaction of a favorable ruling. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (stating "emotional involvement . . . is not enough to meet the case-or-controversy requirement; were the rule otherwise, few cases could ever become moot.").

Here, Plaintiffs Kay emotional involvement in receiving a favorable declaratory judgment alone, fails to meet the case-or-controversy requirement of Article III. Plaintiffs Kay have no ongoing relationship with the arbitrator of the case, and his request for a "reasonable accommodation" is not live. Because Morgan and Thurston County are immune from Morgan's arbitral actions, and because the only available form of relief is declaratory judgment, the Court does not have jurisdiction over the claims pertaining to the actions of Defendant J. Michael Morgan. The Court therefore GRANTS Defendants' Motion for Partial Summary Judgment and DENIES Plaintiffs' Cross-Motion for Summary Judgment.

### III. CONCLUSION

Defendants move for partial summary judgment as to the claims against Morgan. Plaintiffs concede that Defendant Morgan is entitled to quasi-judicial immunity from civil suit for damages, and that injunctive relief is inappropriate. As such, declaratory judgment is the only form of relief sought by the Plaintiffs that is not barred by immunity. However, such relief fails the case-or-controversy requirement of Article III. The Court declines jurisdiction over the only remaining claim against Morgan, and therefore GRANTS Defendants' Motion for Partial Summary Judgment. All claims against Defendant J. Michael Morgan are DISMISSED WITH PREJUDICE. For the same reasons, the Court DENIES Plaintiffs' Cross-Motion for Summary Judgment (Dkt. #16) on their claims against Defendant Morgan.

IT IS SO ORDERED.

Dated this 20th day of November, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

**AMENDED** ORDER
Page - 7